ELEANOR A. POTTER, PROSECUTOR, v. WILLIAM W. WE-
LECK, JR., RECORDER, AND THE BOARD OF HEALTH,
AND THE MAYOR AND COUNCIL OF THE BOROUGH OF
HILLSDALE, RESPONDENTS.

Submitted October 5, 1943—Decided January 31, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Arnold A. Hart (George F. Losche,*
of counsel).

For the respondents, *George W. Babcock.*

The opinion of the court was delivered by

PORTER, J.   This writ brings before us for review the con-
viction of the prosecutor for violations of an ordinance of
the Borough of Hillsdale.   This ordinance declares the failure
to provide heat to a temperature of 68° Fahrenheit from
6:00 A. M. to 10:00 P. M. in any used or occupied buildings
(except certain type buildings with which we are not con-
cerned) to be a public nuisance.

The facts are not in dispute.   The prosecutor is the owner
of a six-family apartment house which was rented for resi-
dence purposes and she was under agreement to supply heat
to the tenants.   This building is heated by a central oil burn-
ing plant.   The proofs were that on February 7th, 10th and
12th, 1943, tests were made by the health officer of the munici-

pality between the hours of 6:00 A. M. and 10:00 P. M. in various living apartments in the building and that temperatures were found to be below the standard required by the ordinance. The prosecutor testified that she had no personal knowledge of the temperatures in any of the apartments on the dates in question but said that she had agreed to furnish to each tenant all the heat she gould get and was trying to furnish heat up to 65° Fahrenheit.

The prosecutor contends that the ordinance is invalid because it does not appear to have been enacted under authority of *R. S.* 26:3–31 (m) and in fact conflicts therewith. That statute authorizes local boards of health to compel owners of buildings occupied as residences by more than two families, when owners have agreed to supply heat, to provide same at specified times at 68° Fahrenheit or above. The argument is that the ordinance in question does not follow this statute, it not having been written to compel owners only, who had agreed to do so, to furnish heat but makes any one, whether such owner or not, guilty of maintaining a nuisance; nor is it limited to buildings containing more than two families. It is clear that the ordinance is not in accord with the provisions of *R. S.* 26:3–31 (m), *supra.* However, we do not think the municipality is limited in authority to the provisions of that statute. The legislature delegated legislative power generally to local boards of health by *R. S.* 26:3–2, 26:3–31, 26:3–64 and 26:2–28 under which we think the ordinance under review is sustainable in part. Boards of health may adopt reasonable regulations to safeguard and protect the public health. *Kurnisky* v. *Board of Health of Lakewood Township,* 128 *N. J. L.* 185; 24 *Atl. Rep.* (*2d*) 803. We conclude that this ordinance generally is a reasonable exercise of the power to legislate under the general delegation of legislative authority, but certain parts of it, as will be pointed out, seem to us to be arbitrary and unreasonable and therefore invalid.

The ordinance under consideration, as stated, does not conform with the statute *R. S.* 26:3–31 (m), *supra,* under which such ordinances are generally based, but contains rather drastic and unusual provisions. It reads in part as follows:

"Article I. The following specific acts, conditions or things, whether found in or upon * * * any public or private buildings, or any part thereof, * * * within the Borough of Hillsdale, are each deemed and declared to be a public health nuisance, to wit: * * * (14) Leasing, letting out, sub-letting or using any building or any part thereof as a workshop, laundry, factory, store or office, or tenement or apartment houses, unless said building or any part thereof is provided with: * * * 4-Proper heat (while such building or any part thereof is being used or occupied), from the first day of May in the year succeeding, to a temperature of 68°—F or above, from 6 A. M. to 10 P. M." It will be noted that this provision for heat is not limited to buildings or parts thereof where the landlord agrees to furnish heat. It means that no such premises may be rented for use or occupancy unless the landlord furnishes heat to every part thereof, whether or not every part be occupied or used. Indeed, "used or occupied" are the words of the ordinance so that a building used for storage and not occupied otherwise would require to be heated. We conclude that the part of the ordinance requiring the furnishing of heat is unreasonable in its provisions and is therefore invalid. But assuming however the validity of the ordinance, we think the proofs are not sufficient to convict. There must be proof that no part of the premises was heated to the required temperature, because the ordinance provides that the premises "or any part thereof" be heated. So if any part be heated, there is no violation. Proofs in the case do not show the temperatures in every part of the house.

The conviction will be vacated and set aside, with costs.